**Opinion issued August 15, 2024**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-23-00458-CR

_____

**PRESTON JAMAL WALKER BAILEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 21st District Court**
**Washington County, Texas**
**Trial Court Case No. 19200**

## MEMORANDUM OPINION

Preston Jamal Walker Bailey pleaded guilty to two counts of intoxication assault with a vehicle causing serious injury. *See* TEX. PENAL CODE § 49.07(a). The trial court sentenced him to 5 years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice for each count with the sentences to run

consecutively. *See* TEX. PENAL CODE § 12.34(a). Appellant timely filed a notice of appeal.

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying us with references to the record and legal authority. 386 U.S. at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.). The State waived the opportunity to file a response to the *Anders* brief.

Counsel advised appellant of his right to access the record and provided him with a form motion for access to the record. Counsel further advised appellant of his right to file a pro se response to the *Anders* brief. Appellant did not request access to the record and did not file a pro se response to counsel's brief.

We have independently reviewed the entire record in this appeal, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing

that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record). We note that an appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *See Bledsoe*, 178 S.W.3d at 827 & n.6.

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[1] Attorney Christopher M. Dillon must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Kelly and Goodman.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[1] Appointed counsel still has a duty to inform appellant of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex Parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).